26 F.3d 130
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John Byron CUFFLE, Plaintiff-Appellant,
v.
John AVENENTI, Deputy Warden; Ted Jolly, Health Unit
Director; Rod Norrish, Health Unit Administrator,
Defendants-Appellees.
 No. 93-16842.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 24, 1994.*
Decided June 7, 1994.
 
 Before: HUG, D.W. NELSON, and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Arizona state prisoner John Byron Cuffle appeals pro se the district court's grant of summary judgment in favor of the defendants. In his 42 U.S.C. Sec. 1983 action, Cuffle alleged that female nurses viewed him naked in his cell, he is subject to examinations by female medical staff, and that the defendants were deliberately indifferent to his serious medical needs by staffing the medical facility with nurse practitioners rather than doctors. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 "A grant of summary judgment is reviewed de novo to determine, viewing the evidence in the light most favorable to the nonmoving party, whether there exist any genuine issue of material fact and whether the district court correctly applied the relevant substantive law." Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 (9th Cir.1990).
 
 
 4
 To defeat a summary judgment motion, the nonmoving party must come forward with evidence sufficient to establish the existence of any elements that are essential to that party's case, and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.1989). Conclusory allegations unsupported by factual data are insufficient to defeat a summary judgment motion. Taylor, 880 F.2d at 1045.
 
 Right to Privacy
 
 5
 Cuffle contends that his constitutional right to privacy was violated when female nurses viewed him naked in his cell and in the showers. Cuffle also contends that being examined by female medical personnel violates his right to privacy. These contentions lack merit.
 
 
 6
 "[C]onvicted prisoners do not forfeit all constitutional protections by reason of their conviction and confinement in prison." Bell v. Wolfish, 441 U.S. 520, 545 (1979); accord Michenfelder v. Sumner, 860 F.2d 328, 331 (9th Cir.1988). Nonetheless, "limitations on the exercise of constitutional rights arise both from the fact of incarceration and from valid penological objectives--including deterrence of crime, rehabilitation of prisoners, and institutional security." O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987); accord Michenfelder, 860 F.2d at 331. In Turner v. Safley, 482 U.S. 78 (1987), the Supreme Court set forth the standard for reviewing alleged infringements on prisoners' constitutional rights. The Court identified four factors that should be considered when determining whether the policy in question is " 'reasonably related' to legitimate penological objectives, or whether it is an 'exaggerated response' to those concerns." Turner, 482 U.S. at 87; accord Michenfelder, 860 F.2d at 332-36 (applying Turner analysis to Fourth Amendment privacy claim). Thus, in determining the reasonableness of a policy which impinges prisoners' constitutional rights, a court must consider (1) whether the policy is reasonably related to legitimate penological interests, (2) whether prisoners can exercise the constitutional right in other ways, (3) the feasibility of accommodating the constitutional right in light of prison resources and the effect such accommodation might have on inmates and guards, and (4) the absence of other means to achieve the policy's goal without impinging on prisoners' constitutional rights. Turner, 482 U.S. at 89-90.
 
 
 7
 In evaluating the reasonableness of a policy that impinges on a prisoner's Fourth Amendment right to privacy, this court considers "the scope of the particular intrusion, the manner in which it is conducted, the justification of initiating it, and the place in which it is conducted." Bell, 441 U.S. at 559; accord Michenfelder, 860 F.2d at 332. In applying the Turner test we must accord great deference to prison officials' assessments of their interests. Turner, 482 U.S. at 85; Michenfelder, 860 F.2d at 331. Moreover, the prisoner bears the burden of showing that prison officials intentionally used exaggerated or excessive means to enforce security. Bell, 441 U.S. at 561-62; Michenfelder, 860 F.2d at 333.
 
 
 8
 Cuffle alleges that when female nurses distribute medication, they stand and watch while he uses the toilet. Cuffle alleges further that the nurses watch as he dresses after using the toilet. Moreover, Cuffle alleges that on occasion, female nurses watched while he showered and dried off. Cuffle also objects to the practice of hiring female medical staff rather than male medical staff.
 
 
 9
 Defendants, in their motion for summary judgment, argued that the prison has a policy of cell-by-cell distribution of medication for prisoners in protective custody. Defendants argue that such a policy insures the safety of the inmates and staff. Because Cuffle was in protective custody, the policy applied to him. The defendants proffered evidence demonstrating that whenever female medical personnel is admitted into the protective custody unit, their presence is announced. Moreover, the defendants proffered evidence establishing that female medical personnel "haphazardly and infrequently" observe male inmates naked. The defendants argued that their staffing practices were governed in part by having limited medical and financial resources. In addition, the defendants established that female medical staff is trained in the examination of male prisoners. We also take notice of the fact that female nurses and medical personnel commonly work with male patients in doctor's offices and hospitals throughout this country.
 
 
 10
 We conclude that in these circumstances, the incidental viewing of male prisoners in various stages of undress by female medical personnel is not violation of a prisoner's right to privacy. The practice of cell-by-cell distribution of medicine is reasonably related to a legitimate penological objective. The defendants demonstrated that the practice of cell-by-cell distribution of medicine is designed to ensure the safety of those, like Cuffle, who are in protective custody. In addition, Cuffle did not controvert the evidence that established that any view was infrequent or haphazard. Cf. Michenfelder, 860 F.2d at 334; Grummett v. Rushen, 779 F.2d 491, 492-92 (9th. Cir.1985). Moreover, Cuffle has failed to come forward with evidence that establishes that the practices in question implicate the other factors set forth in Turner. See Celotex, 477 U.S. at 332; Taylor, 880 F.2d at 1045.
 
 
 11
 Furthermore, Cuffle has failed to demonstrate that practices in question are an intentional use of exaggerated or excessive means to enforce security. See Bell, 441 U.S. at 559; Michenfelder, 860 F.2d at 333.
 
 
 12
 Accordingly, the district court properly granted summary judgment in favor of the defendants on this claim. See Nishimoto, 903 F.2d at 712.
 
 Infliction of Pain
 
 13
 Cuffle alleges that female medical personnel viewing him naked violates his Eighth Amendment right to be free from the unwarranted infliction of pain. This contention lacks merit.
 
 
 14
 "After incarceration, only the unnecessary and wanton infliction of pain ... constitutes cruel and unusual punishment forbidden by the Eight Amendment. To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoners' interest or safety." Whitely v. Albers, 475 U.S. 312, 319 (1986).
 
 
 15
 We conclude that Cuffle has not demonstrated that the incidental viewing of his naked body by female medical personnel was an infliction of pain. Cuffle did not produce any evidence to suggest that he suffered trauma from the practices in question. See Celotex, 477 U.S. at 332; Taylor, 880 F.2d at 1045; Grummett, 779 F.2d at 493 n. 1. Because the record is absent of any indication that Cuffle suffered trauma, we conclude that the district court properly granted summary judgment in favor of the defendants on this claim. See Nishimoto, 903 F.2d at 712.
 
 Free Exercise of Religion
 
 16
 To the extent that Cuffle argues that being viewed naked by female prison personnel violates the First Amendment right to practice the religion of his choice, we conclude that he has failed to come forward with sufficient evidence to support his claim.
 
 
 17
 We apply the Turner test in analyzing prison regulations that infringe upon a prisoner's practice of the religion of his choice. See Swift v. Lewis, 901 F.2d 730, 731 (9th Cir.1990).
 
 
 18
 Cuffle has not demonstrated that the practices in question unreasonably infringe upon the practice of his religion. See Celotex, 477 U.S. at 332; Taylor, 880 F.2d at 1045. Therefore, because we have determined that the practices in question are reasonably related to penological objectives, we conclude that the district court properly awarded summary judgment in favor of the defendants on this claim. See Nishimoto, 903 F.2d at 712.
 
 Deliberate Indifference
 
 19
 Cuffle contends that the defendants were deliberately indifferent to his serious medical needs by staffing the medical facility with nurse practitioners rather than doctors. This contention lacks merit.
 
 
 20
 To state an arguable section 1983 claim for failure to provide medical care, the prisoner must allege that the defendants' "acts or omissions [were] sufficiently harmful to evidence a deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976); Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir.1986), cert. denied, 481 U.S. 1069 (1987).
 
 
 21
 We conclude that he has failed to state a cognizable claim. Cuffle has not alleged that he had a serious medical need, nor has he alleged that medical care was delayed or denied. See Gamble, 429 U.S. at 106; Toussaint, 801 F.2d at 1111. Therefore, we conclude that the district court properly granted summary judgment in favor of the defendants on this claim. See Nishimoto, 903 F.2d at 712.
 
 
 22
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3